UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND THOMAS KOCH,

             Petitioner,

      v.

BRANDON PRICE,[1]

             Respondent.

No.  2:18-cv-3199 JAM KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner is a civil detainee, proceeding pro se and in forma pauperis, with an application

for a writ of habeas corpus under 28 U.S.C. § 2254.  On January 8, 2019, the undersigned

recommended that this action be dismissed based on petitioner's failure to exhaust state court

remedies.  On February 4, 2019, petitioner filed a notice stating that there are no state remedies to

exhaust because he has been unable to get the state court or his appointed attorney to do anything,

and has been waiting for trial for over ten years.  (ECF No. 10.)  It appears petitioner challenges

ongoing civil commitment proceedings under California's Sexually Violent Predator Act

("SVPA").  (ECF Nos. 1 at 2, 10.)

Good cause appearing, the pending findings and recommendations are vacated.  However,

as discussed below, the petition must still be dismissed, but under Younger abstention.  See

---

[1]  Brandon Price, Executive Director of Coalinga State Hospital where petitioner is presently
housed, is substituted as the proper respondent in this action.  Fed. R. Civ. P. 25(d).

1

Younger v. Harris, 401 U.S. 37 (1971) (Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances.) Younger abstention requires a federal court to abstain from ruling if four elements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.

San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Younger abstention applies to proceedings under California's SVPA. See, e.g., Williams v. King, 696 F. App'x 283 (9th Cir.), cert. denied, 138 S. Ct. 506 (2017); Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011); Rhoden v. Mayberg, 361 F. App'x 895, 896 (9th Cir. 2010).

Here, the first element is met because the state case, People v. Koch, No. 00F06149, is an ongoing, state-initiated proceeding. People v. Koch, No. 00F06149 (Sac. Sup. Ct. Cal.) (https://services.saccourt.ca.gov/PublicCaseAccess ) (accessed February 12, 2019).[2] The case has been continued numerous times, and the June 12, 2018 trial date was also reset. Id. However, Sacramento County Superior Court records reflect that plaintiff's case is set for further proceedings at 1:30 p.m., on March 15, 2019, including to set a trial date and trial status conference, as well as petitioner's motion under People v. Marsden, 2 Cal.3d 118 (1970). Therefore, the state court record confirms that the proceeding is ongoing. "[T]here is no statutory deadline by which the state case must be completed. Thus, although the SVPA petition has been pending for many years, the case is still ongoing for the purposes of Younger abstention. Williams, 696 F. App'x at 284.

Second, the SVPA proceedings implicate important state interests, for example, protection of the public from sexual predators. See Hubbart v. Superior Court, 19 Cal. 4th 1138, 1153 n.20 (1999) (SVPA proceedings serve "compelling" state interests of protecting the public and

---

[2] Judicial notice is taken of the court dockets in the state court proceedings. Fed. R. Evid. 201(b); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006).

2

providing needed mental health treatment); Dannenberg v. Nakahara, 1998 WL 661467, *2 (N.D. Cal. Sept. 22, 1998) (SVPA "commitment proceedings involve the important state interest of protecting the public from sexual predators.") (citation omitted).  Thus, the second element is met.

The third element is also met because California SVPA proceedings provide an adequate opportunity to raise constitutional challenges.  Unless petitioner can demonstrate that state law "clearly bars" the assertion of federal constitutional claims in the pending SVPA proceedings, abstention is required.  Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (citation omitted).  Here, petitioner avers that his lawyer refuses to respond to petitioner's calls or letters, to file any motions on petitioner's behalf, or to take petitioner's case to trial.  (ECF No. 1 at 3.)  Petitioner fails to demonstrate that his federal constitutional claims cannot be adequately addressed either in the pending SVPA proceedings in Superior Court (to the extent the Superior Court has not already addressed them), or on any direct appeal therefrom.  See, e.g., In re Smith, 42 Cal. 4th 1251 (2008) (addressing claim that continuation of SVPA proceedings after felony conviction upon which SVPA petition was based was reversed on appeal violated prospective SVPA committee's constitutional rights to due process and equal protection); People v. Taylor, 174 Cal. App. 4th 920 (2009) (addressing due process, equal protection, double jeopardy, and ex post facto challenges to SVPA commitment); People v. Hubbart, 88 Cal. App. 4th at 1208-09 (noting that trial court and California Supreme Court considered, and rejected on the merits, due process and equal protection challenges to application of SVPA); People v. Buffington, 74 Cal. App. 4th 1149, 1152 (1999) (addressing merits of due process and equal protection challenges to SVPA).

The fourth Younger requirement is met because petitioner seeks his immediate release.  (ECF No. 1 at 6.)  Such relief would interfere with the important state interests at stake in the underlying and ongoing state court proceedings.

Finally, Younger abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury.  See Younger, 401 U.S. at 45-46, 53-54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional

3

prohibitions); <u>Perez v. Ledesma</u>, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction).  But delay alone is not sufficient to demonstrate such extraordinary circumstances.  <u>Williams</u>, 696 F. App'x at 284 n.1 (the Sixth Amendment right to a speedy criminal trial is not at issue in SVPA proceedings).  Although petitioner claims he is unable to file documents with the state court, the March 15, 2019 hearing in state court includes petitioner's <u>Marsden</u> motion.[3]

Accordingly, it is appropriate for this Court to abstain from considering petitioner's challenges to the pending SVPA proceedings and to dismiss this action without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that the January 8, 2019 findings and recommendations (ECF No. 8) are vacated; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

////

---

[3] **Error! Main Document Only.**In <u>People v. Marsden</u>, 2 Cal.3d 118 (1970), the California Supreme Court held that when a criminal defendant in California asserting inadequate representation seeks to discharge appointed counsel and substitute another attorney, the trial court must permit him to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance.

4

1 | ////

2 | specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

3 | F.2d 1153 (9th Cir. 1991).

4 | Dated:  February 14, 2019

5 |

6 | KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

7 |

8 | /koch3199.abst